**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

MICHAEL DISHMOND, individually     *
and as the administrator     *
of the estate of Teresa     *
Dishmond, deceased,     *
    *
          Plaintiff,     *
    *
    v.                  *         CV 114-083
    *
UNITED STATES OF AMERICA,     *
    *
          Defendant.     *
    *

---

**O R D E R**

---

Presently pending before this Court is Plaintiff's motion to continue the Government's partial summary judgment motion and to allow limited discovery. (Doc. 19.) For the reasons set forth below, the Court **GRANTS** Plaintiff's request for limited discovery and provides the parties with **NINETY (90) DAYS** to address Laura Lee's employment status. Thereafter, Plaintiff shall have **TEN (10) DAYS** to respond to Defendant's motion for partial summary judgment and, in the alternative, to change venue. Plaintiff is **DIRECTED** to file its response to the remaining motion — Defendant's motion to dismiss in part — within **FOURTEEN (14) DAYS** of this Order.

## I. Background

Plaintiff filed his complaint on March 31, 2014, asserting various claims[1] against the United States following a vehicle collision in Judith Basin County, Montana on September 2, 2011. (Compl. ¶ 14.) Plaintiff suffered various injuries and his wife, Teresa Dishmond, did not survive the accident. (Id.) Plaintiff alleges that Laura Lee, the driver of the other vehicle, was hauling mail for the United States Postal Service ("USPS") at the time of the collision pursuant to a contract awarded to L&L Express Transport ("L&L"). (See Compl. ¶¶ 17-26.) Plaintiff alleges that Laura Lee and Lawrence Hurley each owned 50 percent of L&L at the time of the accident. (Id. ¶ 27.)

Defendant filed three motions in response to the complaint: (1) a motion for partial summary judgment; (2) a motion to dismiss in part; and, in the alternative, (3) a motion to transfer venue. (Doc. 14.) The motion for partial summary judgment asserts that Claims I and II fail as a matter of law because neither L&L nor Laura Lee were federal employees at the time of the accident. (Id.) Defendant moves to dismiss Claim III because Montana law does not consider hauling mail and

_____

[1] Count I alleges negligence as to Laura Lee, the other driver in the accident; Count II alleges negligence on the part of the United States Postal Service ("USPS") because it failed to control the work and operations of L&L Express Transport ("L&L"); Count III alleges negligence on the part of USPS because it failed to take reasonable precautions against inherently dangerous work; and Count IV alleges negligent hiring, retention, and supervision. (Compl.)

driving a truck to be inherently dangerous activities.  (Id.)

Defendant also seeks dismissal of Claim IV because "claims

regarding the hiring and retention of contractors . . . are

barred by the discretionary function exception [of] the Federal

Tort Claims Act[.]"   (Id. at 2.)    Finally, and in the

alternative, Defendant moves to transfer the case to the United

States District Court for the District of Montana based on forum

non conveniens.  (Id.)

Plaintiff responded with the present motion to continue the

partial summary judgment motion and to allow for limited

discovery.   (Doc. 19.)   Plaintiff specifically seeks a limited

discovery period of 90 days to prepare a response to Defendant's

motion for summary judgment, and similarly requests that the

Court defer ruling on all pending motions until such discovery

has concluded.

## I.    Discussion

Because Plaintiff's motion refers to three motions filed by

Defendant, the Court will address each separately.

## A.    Motion for Partial Summary Judgment

"Summary judgment is premature when a party is not provided

a reasonable opportunity to discover information essential to

his opposition."   Smith v. Fla. Dep't of Corrections, 713 F.3d

1059, 1064 (11th Cir. 2013).    Additionally, Federal Rule of

Civil Procedure 56(d) provides that, when facts are unavailable

3

to the non-moving party, the court may, *inter alia*, allow time to take discovery. Fed. R. Civ. P. 56(d).

Defendant moved for partial summary judgment on two claims, asserting that Plaintiff cannot recover under the Federal Tort Claims Act ("FTCA") for negligence by an independent contractor and its employees. For these two claims, Defendant argues that neither Laura Lee nor L&L were employees of the federal government, and thus Plaintiff cannot succeed on these claims as a matter of law.

No discovery has taken place; in fact, on July 31, 2014, the United States Magistrate Judge granted the parties' request for a stay of discovery pending this Court's resolution of the pending motions. (Doc. 25.) Here, Plaintiff requests 90 days of limited discovery "to determine the parameters of the contractual relationship between the USPS and L&L." (Doc. 19 at 1-2.) The Court agrees with Plaintiff that, given the early stage of litigation, Plaintiff has not had any "opportunity, much less a reasonable one, to conduct discovery" on this issue. Dutton v. United States, No. 6:13-cv-58, Doc. 15 (S.D. Ga. Aug. 19, 2013). It would be premature for this Court to rule on the motion for partial summary judgment. The Court also finds that proceeding with full discovery at this point would be inappropriate. Accordingly, the parties shall have **NINETY (90) DAYS** from the date of this Order to conduct discovery limited to

the issue of Lee's employment status.  No discovery is permitted on any other subject matter.  Consequently, the Court hereby **DEFERS** ruling on Defendant's motion for partial summary judgment and Plaintiff shall have **TEN (10) DAYS** after the close of the limited discovery period to file his response brief.

**B.    Motion to Dismiss in Part**

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).    Motions to dismiss "should . . . be resolved before discovery begins" because "[s]uch a dispute always presents a purely legal question" and "there are no issues of fact because the allegations contained in the pleading are presumed to be true."  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).

Defendant has filed a motion to dismiss two of the four claims in the complaint.    Specifically, Defendant seeks to dismiss Counts III and IV on the grounds that (1) delivering mail and driving a truck are not inherently dangerous activities; and (2) a claim for negligent hiring is barred by the discretionary function exception under the FTCA, and this Court does not have subject matter jurisdiction to decide claims barred under the FTCA.  (Doc. 14.)

5

In his motion for limited discovery, Plaintiff requests time to depose seven individuals: (1) Laura Lee; (2) Lawrence Hurley; (3) Wesley Rankins, Wesley Parker, Leza Fhong, and Bridge Rice, who purportedly have knowledge of how the L&L contract was awarded; and (4) Trooper Joseph H. DeJong who "is believed to have knowledge regarding the condition of the roadway, the weather conditions in the area where the collision occurred, and the manner in which the collision occurred." (Doc. 19, Ex. 1.) Although it appears the depositions of the first six individuals could reveal information pertinent to Laura Lee's employment status, the Court fails to see how the deposition of Trooper DeJong would relate to that issue. It appears to the Court that this deposition would be used for the purpose of responding to Defendant's motion to dismiss Claim III, which asserts that Laura Lee was engaged in an inherently dangerous activity. In fact, Plaintiff asserts that he seeks to depose Trooper DeJong "to determine any peculiar dangers associated with the highway upon which the crash occurred." (Doc. 21 at 2.)

Allowing discovery on a motion to dismiss would be futile, however, as the Court relies solely on the legal sufficiency of the complaint and accepts all its assertions of fact as true. Accordingly, the Court hereby **DIRECTS** Plaintiff to file his

6

response, if any, to Defendant's motion to dismiss within **FOURTEEN (14) DAYS** of this Order.

## C.    Motion for Transfer of Venue

In the alternative, Defendant seeks to transfer venue to the District of Montana, to which Plaintiff has requested leave to delay responding.    The Court first notes that venue in this district is proper under the FTCA, as it is the district in which the Plaintiff resides.    28 U.S.C. § 1402(b).    However, even where the original venue is proper, Section 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."    28 U.S.C. § 1404(a).

Plaintiff seeks to delay responding to Defendant's motion to transfer venue until the close of the limited discovery period because — if the case proceeds to trial — "the facts of the wreck and the level of injuries and death are not likely to be in dispute[.]"    (Doc. 19 at 4.)    In light of the Court's above ruling allowing for limited discovery, it will additionally defer ruling on the motion to transfer venue until the close of the ninety day period, which is strictly limited to consideration of Laura Lee's employment status.    See Thomas v. Strange Eng'g, Inc., No. 1:11-cv-74-JRH, Doc. 22 (S.D. Ga. Mar. 22, 2012) (deferring ruling on a motion to dismiss for lack of

personal jurisdiction and, in the alternative, a motion to transfer venue pending the conclusion of a limited discovery period to determine personal jurisdiction).

## III. Conclusion

Based upon the foregoing, the Court hereby **DEFERS** ruling on Defendant's motion for partial summary judgment and provides for a limited **NINETY (90) DAY** discovery addressing Laura Lee's employment status. Thereafter, Plaintiff shall have **TEN (10) DAYS** to file his response to Defendant's motion for partial summary judgment and, in the alternative, to transfer venue. Plaintiff is **DIRECTED** to file its response to Defendant's motion to dismiss in part within **FOURTEEN (14) DAYS** of this Order.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of October, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA