## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

MICHAEL DISHMOND, individually     *
and as the administrator     *
of the estate of Teresa     *
Dishmond, deceased,     *
    *
       Plaintiff,     *
    *
    v.     *        CV 114-083
    *
UNITED STATES OF AMERICA,     *
    *
       Defendant.     *
    *

## O R D E R

Presently before the Court is Defendant United States Postal Service's ("USPS") motion to dismiss in part. (Doc. 14.) For the reasons stated below, the motion is hereby **GRANTED** as to Claim III. As to Claim IV, Plaintiff is hereby **DIRECTED** to respond to Defendant's motion to dismiss within ten (10) days of the close of the limited discovery period previously allowed by this Court's October 9, 2014 Order (doc. 26).

### I.    Background

Plaintiff's claims arise from a tragic automobile accident that occurred on September 2, 2011, in Judith Basin County, Montana. (Doc. 1 ("Compl.") ¶¶ 14, 16.) On the morning of the accident, Plaintiff claims he was resting in the sleeper cab of a

2006 Kenworth Cabover tractor-trailer that was driven by his wife, Teresa Dishmond. (Id. ¶¶ 15-16.) At approximately 7:50 a.m., another driver crossed the center line of the highway, striking Plaintiff's vehicle head on. (Id. ¶¶ 17-18.) As a result of the accident, Plaintiff's vehicle "went into the eastbound lane, jackknifed, and caught fire." (Id. ¶ 19) And while Plaintiff was able to escape the burning vehicle, his wife's "leg was impaled by a metal rod and she could not get out of the vehicle." (Id. ¶¶ 20-21.) Despite Plaintiff's attempts to pull his wife to safety, he could not get her out of the vehicle and Ms. Dishmond perished. (Id. ¶ 22.)

The other driver was Laura Lee, part owner of L & L Express Transport ("L & L"), a company that was awarded a contract by USPS on July 1, 2011. (Id. ¶¶ 26-27.) As part of this contract, L & L would transport mail between Great Falls and Lewiston, Montana. (Id. ¶ 26.) At the time of the accident, Plaintiff alleges that Laura Lee was hauling mail for USPS and was an employee of USPS. (Id. ¶¶ 23-25.)

Plaintiff filed suit on March 31, 2014, raising four claims: (1) negligence as to Laura Lee; (2) negligence on the part of USPS because it failed to control the work and operations of L & L; (3) negligence on the part of USPS because it failed to take reasonable precautions against inherently dangerous work; and (4) negligent hiring, retention, and supervision. On June 6, 2014, Defendant brought a motion for partial summary judgment, a motion to dismiss

2

in part, and, in the alternative, a motion to transfer venue. (Doc. 14.)   Specifically, Defendant moved for summary judgment on Claims I and II, asserting that the Federal Tort Claims Act ("FTCA") barred claims for negligence against independent contractors.   The Court, in turn, granted Plaintiff's request for limited discovery on the independent contractor issue and stayed consideration of the venue motion, but directed Plaintiff to respond to the motion to dismiss Claims III and IV.   (Doc. 26.)

## II.   Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits.   <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).   The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff.   <u>See Hoffman-Pugh v. Ramsey</u>, 312 F.3d 1222, 1225 (11th Cir. 2002).   The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts.   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"   <u>Id.</u> at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).   The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that

3

the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

## A.   Claim III – Inherently Dangerous Activity

For purposes of the FTCA, the liability of the government is determined by the law of the state where the negligent act occurred. 28 U.S.C. § 1346(b)(1). Thus, Montana law applies here. Ordinarily, employers are not liable for the torts of independent contractors. Ulmen v. Schwieger, 12 P.2d 856, 859 (Mont. 1932). Under Montana law, however, "[a]n employer or primary contractor is liable for injuries caused by the failure of an independent contractor to exercise due care with respect to the performance of work which is inherently or intrinsically dangerous." Fegles Constr. Co. v. McLaughlin Constr. Co., 205 F.2d 637, 640 (9th Cir. 1953). This exception is one Montana courts apply narrowly. See Beckman v. Butte-Silver Bow Cnty., 1 P.3d 348, 354 (Mont. 2000).

Whether an activity is deemed "inherently dangerous" is a question of law, Fabich v. PPL Mont., LLC, 170 P.3d 943, 949 (Mont. 2007), and depends on "whether 'the proper use of safety precautions requires special knowledge and, when not followed or properly applied, may result in instantaneous death to the workers.'" Maryls Bear Medicine v. United States ex rel. Sec'y of Dep't of Interior, 241 F.3d 1208, 1218 (9th Cir. 2001) (quoting

4

Beckman, 1 P.3d at 354)).   Inherently dangerous risks are those
"hazards not ordinarily encountered in the community, which call
for particular precautions."   Fabich, 170 P.3d at 949.   As such,
employers are not liable for every tort committed by
subcontractors, but only "for those torts which arise from the
unreasonable risks caused by engaging in that activity."   Beckman,
1 P.3d at 353.   The Beckman court illustrated this point with an
example from the Restatement (Second) of Torts, which it used as
guidance in its decision:

> If a contractor is employed to transport giant logs over
> the highway, the contractor's employer is not liable for
> torts caused by the contractor driving in excess of the
> speed limit. Speeding is not an unreasonable risk
> particular to transporting logs, but is an ordinary form
> of negligence which is usual in the community and the
> prevention of which requires ordinary or standard
> precautions. However, an employer will be vicariously
> liable for the contractor's failure to take special
> precautions to anchor the logs to the contractor's truck.
> This is because transporting giant logs creates an
> uncommon hazard that the logs will become disengaged, a
> hazard not ordinarily encountered in the community which
> calls for particular precautions to prevent its
> occurrence.

Id. (citing RESTATEMENT (SECOND) OF TORTS § 416 cmt. d).

Plaintiff alleges that USPS was negligent in failing to take
reasonable precautions against inherently dangerous work —
transporting bulk mail with a large commercial truck on a stretch
of highway known to be "treacherous because of high winds and
extreme weather."   (Doc. 27 at 1.)   To support his contention,
Plaintiff relies on Bear Medicine v. United States, 192 F. Supp. 2d
1053 (D. Mont. 2002).   In Bear Medicine, the Court found that the

use of untrained employees in a logging operation in an area with powerful and dangerous winds was an inherently dangerous activity. Bear Medicine, 192 F. Supp. 2d at 1066.  There, felling trees was transformed into an inherently dangerous activity in part by the extreme weather conditions.  Based on that reasoning, Plaintiff appears to claim that wind and extreme weather transformed driving a commercial truck into an inherently dangerous activity.

Even accepting all the facts in Plaintiff's complaint as true, Plaintiff's claim fails as a matter of law.  The above-referenced example from the Restatement (Second) of Torts forecloses this as a possibility.  Plaintiff does not argue that Laura Lee was negligent in failing to properly handle the mail or that hauling mail somehow transformed truck driving into an inherently dangerous activity, but that driving any large truck on this stretch of road is inherently dangerous given the wind and other weather conditions. The operation of a truck, even a large commercial truck on a dangerous highway, is not unique to mail delivery, and certainly does not pose any risk of harm not ordinarily encountered in the community.  As the Court stated in Beckman, "[t]he careful operation of a motor vehicle requires ordinary and standard precautions" and thus an employer "would not be liable to [the plaintiff] if one of his coemployees negligently operated a pickup truck in the course and scope of his employment[.]"  Beckman, 1 P.3d at 353 (finding that trenching operations could be an inherently dangerous activity); see also Paull v. Park Cnty., 218

6

P.3d 1198, 1202 (Mont. 2009) (finding that transportation of prisoners is an inherently dangerous activity "because there are multiple dangers inherent in prisoner transportation that separate it from ordinary driving" such as escape). Unlike Paull, the Court cannot find any dangers, and Plaintiff presents none, that separate driving a truck and hauling mail from ordinary driving. This decision is consistent with that reached in other jurisdictions. See Fike v. Peace, 964 So.2d 651, 662 (Ala. 2007) (holding that driving a truck with an oversized load was not inherently dangerous because it was not the "oversized load but [] collateral negligence of the . . . operator of the tractor-trailer" that caused the injury); Kime v. Hobbs, 562 N.W.2d 705, 713 (Neb. 1997) ("Other jurisdictions have considered whether a loaded truck presents a peculiar risk so as to impose a nondelegable duty on the employer of an independent contractor and have concluded that the risk that there will be a mechanical malfunction, that the truck will be overloaded, or that the independent contractor will exceed the speed limit are 'ordinary' risks that arise in the normal course of the work and which require only 'ordinary' precautions."); King v. Lens Creek Ltd. P'ship, 483 S.E.2d 265, 271 (W. Va. 1996) (finding "that the operation of an empty logging truck is not in and of itself dangerous so that harm will likely result if special precautions are not taken; but only dangerous, as was the case here, when the truck is operated in a negligent manner.").

Accordingly, the Court finds that driving a commercial truck on a highway is not an inherently dangerous activity that warrants imposing liability on Defendant. As such, Claim III of Plaintiff's complaint is hereby **DISMISSED**.

## B.   Claim IV - Negligent Hiring, Retention, and Supervision

In Claim IV, Plaintiff alleges negligent hiring, retention, and supervision on the part of USPS, who moves to dismiss the claim based on a lack of subject matter jurisdiction. Specifically, Defendant asserts that the claim is barred by the discretionary function exception to the FTCA.[1] Plaintiff requests that the Court stay consideration of this claim pending the conclusion of the limited discovery period.

Attacks based on subject matter jurisdiction come in two varieties: (1) facial attacks, which require the court to look at the face of the complaint, accept as true factual allegations, and assess if the court has sufficient basis for jurisdiction; and (2) factual attacks, which challenge the factual basis for

---

[1]   The Government's waiver of immunity does not extend to claims based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved was abused." 28 U.S.C. § 2680(a). The Supreme Court has set forth a two-prong test to determine if the challenged conduct falls within the exception. First, the court must decide whether the conduct violated a mandatory policy or regulation that allowed for no judgment or choice. United States v. Gaubert, 499 U.S. 315, 324 (1991). If there is no such statute, regulation, or policy dictating a course of action, the court then must consider if the conduct "is of the kind that the discretionary function exception was designed to shield." Id. at 322-23. Specifically, the exception "protects only governmental actions and decisions based on considerations of public policy." Id. at 323 (internal quotations and citations omitted).

jurisdiction, notwithstanding allegations in the pleadings. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1990). With its motion to dismiss, Defendant mounts a factual attack under Federal Rule of Civil Procedure 12(b)(1). When the attack to jurisdiction is factual

> the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

Williamson, 645 F.2d at 412-13 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). In factual attacks, courts may look beyond the pleadings and can allow for discovery. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." (internal citations and quotation marks omitted)). See also McElmurray v. Consol. Gov't of Augusta-Richmond Cnty., 501 F.3d

9

1244, 1251 (11th Cir. 2007) (holding that matters outside the pleadings, including testimony and affidavits, can properly be considered in a factual attack); <u>Williamson v. Tucker</u>, 645 F.2d 404, 414 (5th Cir. 1981)[2] ("Insofar as the defendant's motion to dismiss raises factual issues, the plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence." (internal quotations omitted)). <u>Cf.</u> <u>St. Clair v. City of Chico</u>, 880 F.2d 199, 201-02 (9th Cir. 1989) (holding discovery on a factual attack unnecessary where the plaintiff already conducted substantial discovery on the merits of the claims, and quoting <u>Williamson</u> for the proposition that plaintiffs should have the opportunity to develop and argue facts).

Defendant states that its motion is based on 39 U.S.C. § 5005[3] *and* the declaration of Bridget Rice, a USPS employee "who declares that these [] contractors are hired as an exercise of the Postal Service's discretion when it deems the contracting to be cost-effective, fiscally prudent, or in furtherance of promoting a safer and more efficient distribution of the mail within various parts of the mail transportation network." (Doc. 14 at 32.) Based on the <u>Gaubert</u> test for the discretionary function exception described

---

[2]   See <u>Bonner v. City of Prichard, Ala.</u>, 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

[3]   Section § 5005 allows USPS to obtain transportation services "by contract from any person or carrier for surface and water transportation under such terms and conditions as it deems appropriate[.]" 39 U.S.C. § 5005(a)(3).

above, Ms. Rice's declaration appears to be in reference to the second prong of that test: whether the decision was based on considerations of public policy. Thus, Defendant seeks, as is its right, to base its motion at least in part on matters outside the pleadings.

Plaintiff, in its response to the motion to dismiss, requests that the Court stay consideration of this motion, pending the conclusion of the limited discovery period. In its previous Order, the Court authorized the deposition of Ms. Rice. Defendant replies that Plaintiff does not — and cannot — state a reasonable basis for allowing further discovery as to the jurisdictional issue. However, the Court disagrees because Defendant obviously relies on the declaration of Ms. Rice. Plaintiff should not be denied the opportunity to address the factual attack head on, particularly when he will already be deposing this individual. See Lycurgan, Inc. v. Jones, No. 14-cv-1679, 2014 WL 5393036, at *1 (S.D. Cal. Oct. 22, 2014) ("Accordingly, in response to a Rule 12(b)(1) motion based on a factual attack, the non-moving party may be entitled to discovery related to the jurisdictional question."); Walter v. Drayson, No. 06-00568, 2007 WL 981603, at *1 (D. Haw. Mar. 28, 2007) (lifting a discovery stay "to allow [the plaintiff] to meaningfully oppose any [] factual attack"); Williamson, 645 F.2d at 414 ("But still the district court must give the plaintiff an opportunity for discovery and for a hearing that is appropriate to the nature of the motion to dismiss.").

11

The Court sees no reason to deny Plaintiff's request.  To the extent any jurisdictional questions exceed the scope of the independent contractor relationship, Plaintiff may, in his deposition of Ms. Rice, address those issues as well.  Thus, the Court hereby **DIRECTS** Plaintiff to respond to the motion to dismiss Claim IV when he responds to Defendant's motion for summary judgment.

### III. Conclusion

Based on the foregoing, Claim III of Plaintiff's complaint is hereby **DISMISSED**.  The Court also **GRANTS** Plaintiff's request to stay consideration of the motion to dismiss Claim IV, and hereby **DIRECTS** Plaintiff to submit his response in opposition, if any, to the motion to dismiss that claim concurrently with his response to the motion for summary judgment.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of November, 2014.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA